IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALEJANDRO JARAMILLO | § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-CV-00338-Y |
| LIBERTY MUTUAL INSURANCE COMPANY | § § § § | |
| *Defendant* | § § | |

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS RESPONSE TO DEFENDANT'S MOTION TO CAP PLAINITFF'S ATTORNEYS' FEES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Alejandro Jaramillo, Plaintiff in the above enumerated and entitled civil action and files this, his Brief in Support of His Response to Defendant's Motion to Cap Attorneys' Fees. In support thereof, Plaintiff would like to respectfully show unto this Honorable Court as follows:

### I.   INTRODUCTION

Plaintiff has given sufficient presuit notice to Defendant, Liberty Mutual Insurance Company pursuant to Section 542A.003 of the Texas Insurance Code. This case involves a property insurance dispute arising out of a March 23, 2016 hail and windstorm that occurred in Colleyville, Texas. Plaintiff has sued Defendant alleging breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code and violations of the Texas Deceptive Trade Practices Act.

Defendant's Motion to Cap Plaintiff's Attorney's Fees should be denied for the reasons outlined in this Brief and in the exhibits attached hereto.

## II.   ARGUMENT AND AUTHORITIES

Under Texas Insurance Code Section 542A.003(b) the notice required under this section must provide: (1) a statement of the acts or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and, (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services. Additionally, under Texas Insurance Code Section 542A.003(c), if any attorney gives the notice required under this section on behalf of a claimant, the attorney or representative shall: provide a copy of the notice to the claimant; and include in the notice a statement that a copy of the notice was provided to the claimant.

Further, under Section 542A.003(d), presuit notice under Subsection (a) is not required if giving notice is impracticable because: the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire.

### A. *Defendant's Motion Should Be Denied Because There Was a Reasonable Basis for Believing There Was Insufficient Time to Give the Presuit Notice Before the Limitations Period Would Expire.*

Plaintiff originally filed this lawsuit on March 23, 2018. Prior to the filing of the lawsuit, Plaintiff's counsel sent several correspondence letters to Defendant. First, on December 8, 2017, Plaintiff's counsel provided Defendant with a Letter of Representation indicating that the Plaintiff was now represented by legal counsel regarding his insurance claim and requesting, among other items, a certified copy of the insurance policy. Second, on February 6, 2018, Plaintiff's counsel

provided Defendant with a presuit notice letter in compliance with the requirements set forth in the Texas Insurance Code. *Presuit Notice Letter, attached hereto as Exhibit A*.

The date of loss in this matter is March 23, 2016. This lawsuit was filed on March 23, 2018—two years after the date of loss—in order to avoid having the claim barred should the insurance policy contain a provision that the statute of limitations to file a legal claim is two years from the date of loss.

Plaintiff's counsel provided the presuit notice to Defendant as soon as reasonably possible after being retained in the matter and receiving all items necessary to draft the presuit notice letter and include all information required by the statute to be included in such presuit notice.

Therefore, Plaintiff's statutory obligation to provide presuit notice under the Texas Insurance Code to Defendant is excused by Section 542A.003(d) which provides that presuit notice is not required to be given in circumstances in which it is impracticable because of a reasonable belief that the statute of limitations will soon expire. Thus, Defendant's Motion to Cap Plaintiff's Attorneys' Fees should be denied.

Additionally, the February 6, 2018 presuit notice letter sent to Defendant includes all of the statutorily required items and information and is, therefore, in compliance with Section 542A.003 of the Texas Insurance Code. The presuit notice letter contains several paragraphs outlining the acts and omissions giving rise to the claim as well as the specific amount of actual damages and attorney's fees being claim. Moreover, the presuit notice letter was provided to the insured and does contain a sentence advising Defendant of that fact. For these reasons and the reasons stated in foregoing paragraphs, Defendant's Motion to Cap Plaintiff's Attorneys' Fees should be, in all things, denied.

### III.     CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, for the reasons detailed in this Brief, Defendant's Motion to Cap Plaintiff's Attorneys' Fees should be, in all things, denied. Plaintiff respectfully prays that this Honorable Court enter an Order denying Defendant's Motion to Cap Plaintiff's Attorneys' Fees and for all such other and further relief to which the Plaintiff may show himself to be justly entitled.

Respectfully submitted,

*/s/ Heather E. Hall*
**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
Federal I.D. No. 2764142
J. Zachary Moseley
State Bar No. 24092863
Federal I.D. No. 2706476
Heather E. Hall
State Bar No. 24089909
516 Heights Boulevard
Houston, Texas 77007
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Heather@mma-pllc.com

**ATTORNEYS FOR PLAINTIFF**

*Plaintiff's Brief in Support of His Response to Defendant's Motion to Cap Plaintiff's Attorneys' Fees*                                                                                                                          Page | 4

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 17, 2019 a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system or as indicated below, pursuant to Federal Rules of Civil Procedure 5(b), as follows:

Tillman Batchelor LLP
Mark D Tillman
Colin R Batchelor
Jackson Philip Mabry
State Bar No.: 24078894
5605 N Macarthur Blvd Ste 560
Irving, TX 75038-2622
Office: (214) 492-5721
Fax: (214) 492-5721
jackson.mabry@tb-llp.com
mark.tillman@tb-llp.com
colin.batchelor@tb-llp.com

                                                   */s/ Heather E. Hall*
                                                   Heather E. Hall